UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

 GARPO MARINE SERVICES INC.,

                        Plaintiff,            **MEMORANDUM & ORDER**
                                              19-CV-6875(EK)(SJB)

                   -against-

 ISLAND ROMANCE (Official No. 551624),
 her engines, boilers, appurtenances,
 tackle, etc., in rem; et al.,

                        Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          The Court has received Magistrate Judge Bulsara's

Report and Recommendation (R&R) dated September 30, 2021.  ECF

No. 41.  Judge Bulsara recommends (1) dismissing Dhaneshwar

Ramlochan from the case with prejudice and vacating the default

entered against him; (2) entering judgment in rem against the

*Island Romance* in the amount of $242,391.68; (3) ordering the

sale of the Island Romance in accordance with Supplementary Rule

for Admiralty or Maritime Claims and Asset Forfeiture Actions

E(9)(b) and Local Admiralty and Maritime Rule C.2(b); and (4)

entering final judgment against El Dorado Cruise LLC for any

deficiency remaining after the sale.

          Neither party has filed objections, and the time to do

so has expired.  Accordingly, the Court reviews Judge Bulsara's

recommendation for clear error on the face of the record.  *See*

Fed. R. Civ. P. 72(b) advisory committee's note to 1983

addition; *accord* S*tate Farm Mut. Auto. Ins. Co. v. Grafman*, 968

F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

Having reviewed the record, I find no error and

therefore adopt the R&R in its entirety.  I briefly note two

points.

First, the R&R correctly notes that under *Enron Oil*

*Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993), the factors

governing entry of default are "(1) whether the default was

willful; (2) whether setting aside the default would prejudice

the adversary; and (3) whether a meritorious defense is

presented." *Id.* at 96.

Garpo hopes to "streamlin[e]" this litigation "so as

to enable the sale [of the *Island Romance*] to take place as

quickly as possible and avoid any further need to maintain the

[*Island Romance*] on [Garpo's] property," where it presently is

located.  Decl. of John Garner ¶¶ 16, 36, ECF No. 39.  In

service of this goal, Garpo represents that it is "prepared to

dismiss against [Ramlochan] personally and seek judgment only

against the corporate owner El Dorado and the Vessel itself,

together with an order directing a sale by the Marshal."  Decl.

of John Garner ¶ 37.  And it has expressly requested dismissal

of the only claim against Ramlochan.  Suppl. Mem. of Law 6, ECF

No. 38.  Thus, Garpo would not just suffer no prejudice from

2

Ramlochan's dismissal, but in fact would be achieving its explicitly expressed wish.

Second, under the Commercial Instruments and Maritime Liens Act, a party seeking to enforce a maritime lien must be "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner."  46 U.S.C. § 31342. Second Circuit caselaw breaks this requirement into three elements:  a "party asserting a maritime lien against a vessel must show that it (1) provided (2) necessaries to a vessel (3) upon the order of the owner of a vessel or a person authorized by the owner."  *ING Bank, N.V. v. M/V Voge Fiesta*, 741 F. App'x 18, 19 (2d Cir. 2018) (citing 46 U.S.C. § 31342(a)); *see also Barwil ASCA v. M/V SAVA*, 44 F. Supp. 2d 484, 487 (E.D.N.Y. 1999).

The R&R cites some out-of-circuit caselaw that adds a requirement that the "charges [be] reasonable in amount."  *KKMI Sausalito, LLC v. The Vessel "Self Inflicted,"* 428 F. Supp. 3d 200, 207 (N.D. Cal. 2019) (citing *Belcher Co. of Ala. v. M/V Maratha Mariner*, 724 F.2d 1161, 1164 (5th Cir. 1984)).  On its face, the statute does not contain a reasonableness requirement. But the reasonableness of the requested charges is not in dispute here.  *See* Decl. of Dhaneshwar Ramlochan ¶ 4, ECF No. 34-1 (confirming that "the stated sum is due and owing from El Dorado and the Vessel").

With these clarifications, I adopt the R&R in its entirety.

The Clerk of Court is respectfully directed to (1) dismiss Dhaneshwar Ramlochan from the case with prejudice and vacate the default against him and (2) enter judgment in rem against the *Island Romance* in the amount of $242,391.68.

The Marshal of this Court is respectfully directed to sell the *Island Romance*, her engines, boilers, appurtenances, tackle, etc., Official No. 551624, on at least one calendar week's notice, to the highest and best bidder, in accordance with Supplementary Admiralty Rule E(9)(b), said sale to be subject to the confirmation of this Court. *See Ridings v. The Motor Vessel Effort*, 387 F.2d 888, 892 (2d Cir. 1968) ("Until confirmation, a bidder is not a purchaser but merely an offeror to the court, which accepts his bid by the confirming order.").

Pursuant to Local Admiralty Rule C.2(b) of the Court, Plaintiff is directed to give notice of public sale daily for six days before the date of the sale in a newspaper of general circulation in the county in which the *Island Romance* is presently located.  Publication of the notice must be completed at least ten days prior to the sale.

Plaintiff shall show in said notice the time and place where said sale will be conducted and indicate in said notice that prospective bidders may board the *Island Romance* for

purposes of inspection with prior consent of Garpo Marine Services, Inc., the court-appointed Substitute Custodian, at such times and in such manner as it may direct, at their own risk during the Substitute Custodian's regular business hours. Plaintiff shall also show in said notice the terms of the sale, as indicated below.  A copy of the notice shall be filed in this Court after publication is completed.

The terms of the sale shall be as follows:

1.   The sale shall be by public auction, to be held at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  The sale shall be to the highest bidder by oral auction.  The highest and best bidder, with exception of Plaintiff as provided below, will be required to deliver to the Marshal at the time of said sale 10 percent of the bid price as a deposit, and the balance within 72 hours after confirmation of the sale by this Court.  All payments must be made in cash or certified check expressed in United States currency and drawn on a New York bank.

2.   In addition to the requirements of the preceding paragraph, immediately upon confirmation of the sale, a deposit of $1,000.00 in cash or certified check expressed in United States currency and drawn on a New York bank shall be made with the Clerk of this Court by the successful bidder as security for its obligations.  The deposit required hereunder will be

returned to the successful bidder upon proof of its compliance with the requirements of this Court, including but not limited to reimbursement of the Marshal and court-appointed Substitute Custodian for any and all expenses incurred in maintaining and keeping the vessel during any period between the confirmation of the sale and the time the new owner takes possession of the vessel.

3.    Plaintiff may bid up to the amount of its lien for which it seeks judgment, that is, $242,391.68, on credit alone, and if Plaintiff is the highest bidder, it need not make any cash payment other than the Marshal's commission, administrative expenses, and any amount of its bid in excess of its lien.

4.    If the sale should not be confirmed, the Marshal shall return all deposits received from the highest bidder immediately after rejection of the sale by the Court.

El Dorado Cruise LLC shall be liable for any deficiency remaining after the sale.  Upon application of this

Court by Plaintiff, a final deficiency judgment will be entered against El Dorado Cruise LLC.

     SO ORDERED.

                      /s/ Eric Komitee
                    ERIC KOMITEE
                    United States District Judge


Dated:      Feburary 4, 2022
             Brooklyn, New York